×Angel T. Quintana Moreno

Angel Quintana-Moreno

Angel Quintana-Moreno, having discussed my rights with [...]ssade, hereby consent to participating in a change of plea and sentencing hearings via video teleconference or teleconference.

Case 3:16-cr-00591-GAG-CVR Document 1628 Filed 04/02/20 Page 1 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
UNITED STATES OF
  AMERICA, PLAINTIFF,
  vs.
ANGEL QUINTANA-MORENO,
  DEFENDANT.
```
Case # 3:16-cr-00591-GAG

REQUEST FOR CHANGE OF PLEA HEARING

TO THIS HONORABLE COURT:

Comes Now, the defendant Angel Quinatana-Moreno, through his undersigned attorney who respectfully alleges and prays as follows:

1. Having reviewed the evidence against Mr. Quintana-Moreno provided by the government, Mr. Quintana-Moreno will be pleading guilty to Count Three of the Indictment pursuant to a plea agreement with the government.

2. This plea agreement that has been negotiated with the government will be pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure for a joint recommendation of 30 months of imprisonment (Total Offense Level of 19 regardless of Criminal History).

3. If the Court were to accept this joint recommendation of 30 months of imprisonment, subtracting the defendant's "good time" and time "already served" of incarceration he will the have approximately 7 days of incarceration to complete as of today, April 2, 2020.

On this day, the undersigned has had a teleconference with the defendant who is being house in the Tallahachie Mississippi Facility. The undersigned has translated and reviewed each and every clause of the plea ag-eement. Defefendant has consented to parücipate in the change of plea hearing (and sentencing, see supra) via video teleconference or teleconference.

Case 3:16-cr-00591-GAG-CVR Document 1628 Filed 04/02/20 Page 2 of 2

5. If this Honorable Court were to accept this plea agreement then given the time of incarceration remaining to be served, the defense requests an expedited pre-sentence report interview, so that on the day selected by the Court for the change of plea hearing, the defendant can also participate in his sentencing hearing.

Wherefore, it is respectfully requested that this Honorable Court:

1. schedule, as soon as convenient for the Court, a video teleconference or teleconference wherein the defendant will plea guilty to Count Three of the indictment,

2. order the preparation of an expedited pre-sentence report to be filed prior to the scheduled change of plea hearing, and

3. once the change of plea hearing is completed, sentence the defendant who has consented to be sentenced via video teleconference or teleconference.

Respectfully Submitted.

In San Juan, Puerto Rico, this 2[th] day of April, 2020.

Certificate of Service: I hereby certify that on this date, April 2[th], 2020, the instant motion has been file with the Clerk of the Court through the CM-ECF system which will send to copy and notification of filing to the Assistant United States Attorney of record, AUSA Vanessa Bonhomme and to all other attorneys of record.

Dated: 4/1/2020
Vanessa E. Bonhomme
Assistant U.S. Attorney
Dated: 3/26/2020

Is/ José R. Aguayo
José R. Aguayo Esq.
USDC-PR # 123301
569 Tnte. Cesar González Street
San Juan PR 00918-3712
Telephone (787) 765-0814
Facsimile (787) 274-0071
E-Mail: joseraguayo@gmail.com

UNITED STATES OF AMERICA,
Plaintiff,

[461 ANGEL L. QUINTANA-MORENO,
a/k/a "Quintana," Defendant.

CASE NO. 16-591 (GAG)

PLEA AGREEMENT
(Pursuant to Rule
11(c)(1)(B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel W. Stephen Muldrow, United States Attorney for the Disfrict of Puerto Rico; Alberto López-Rocafort, Assistant U.S. Attorney, Deputy Chief, Gang Unit; Vanessa E. Bonhomme, Assistant U.S. Attorney; Defendant's counsel, Jose R. Aguayo, Esq.; and Defendant [46] ANGEL L. QUINTANA-MORENO, pursuant to Rule 1 1 of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an ageement, the terms and conditions of which are as fbllows:

1. COUNTS TO WHICH DEFENDANT PLEADS GUILTY

The defendant agrees to plead guilty to COUNT ONE of the Indictment:

COUNT THREE: (Aiding and Abetting in the Possession with Intent to Distribute Cocaine Base) -

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, Disfrict of
Puerto Rico and within the jurisdiction of this Court, defendant, [46] ANGEL L. QUINTANAMORENO and co-defendants, aiding and abetting each other, did knowingly and intentionally

USA v. [54] carios Gomez, Criminal No. 16-591 (GAG) Plea Agreement

possess with intent to distribute two hundred and eight (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (Crack), a schedule Il Narcotic Drug Controlled Substance, within one thousand

Public Housing Project, a housing facility owned by a public housing authority, within one thousand (1,000) feet of a real property comprising a public or private elementary, vocational, or secondary school, and within one thousand (1,000) feet of a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, United States Code, §§
841(a)(1), 860; and Title 18, United States Code, §2.

2. MAXIMUM PENALTIES

The Penalty for the offense charged in COUNT THREE of the Indictment is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, United States Code, SS 341(b)(1)(A), 860 and Title 18, UnitedStates code, § 2.

However, for purposes of this plea agreement, the defendant is being held responsible for the possession of at least 16.8 grams but less than 22.4 grams of cocaine base (crack). Therefore, if the Court accepts this stipulation, the defendant faces a minimum term of imprisonment of one (l) year up to a maximum term of imprisonment of not more than forty (40) years, a fine not to exceed two million dollars ($2,000,000.00), and a term of supervised release of not less than six
(6) years in addition to any term of incarceration. All in violation of Title 21, United States Code,

b)(1)(C),860 and Title 18, United States code, § 2.

3. SPECIAL MONETARY ASSESSMENT

Prior to Defendant's change of plea hearing, the Defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

4. ADVISORY NATURE OF THE SENTENCING GUIDELINES

The defendant is aware that pursuant to the decisions issued on January 12, 2005, by the Supreme Coutt of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

§ 11(c)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the UnitedStates Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

6. FINES AND RESTITUTION

The Court may, pursuant to Section 5E1.2(i) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered.
Defendant further agrees to provide financial statements as requested by the United States.

7. SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory in nature, the sentencing court, in imposing sentence, is required to consider the Guideline "sentencing range established for the applicable category of the offense committed by the defendant." United States v, Booker, 543 U.S. 220 (2005). The United States and Defendant agree to recommend the following Sentencing Guidelines' calculations:

INTENTIONALLY BLANK

SENTENCING GUIDELINES CALCULATION TABLE (COUNT THREE)
Title 21, United States code, i§ 841(a)(1), 860
Title 18, United States code, § 2

| | |
|---|---|
| BASE OFFENSE LEVEL [U.S,S.G. §2D1.1(c)(10)]<br>(Possession of at least 16.8 grams but less than 22.4 grams of cocaine base) | 20 |
| PROTECTED LOCATION [U,S.S.G. §2D1.2(a)(1)]<br>(Distribution within 1,000 of PHP/School Zone) | +2 |
| Acceptance of Responsibility [§ 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL | 19 |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY CATEGORY 1<br>IF CRIMINAL HISTORY CATEGORY 11<br>IF CRIMINAL HISTORY CATEGORY 111<br>IF CRIMINAL HISTORY CATEGORY Iv IF<br>CRIMINAL HISTORY CATEGORY V<br>IF CRIMINAL HISTORY CATEGORY VI | 30-37<br>41-51<br>37-46<br>46-57<br>57-71<br>63-78<br>months<br>ZONE D |

8,   CRIMINAL HISTORY CATEGORY

The parties make NO stipulation as to defendant's criminal history.

9.   SENTENCE RECONMENDATION

The parties agree and recommend that the defendant be sentenced to thirty (30) months of imprisonment, regardless of criminal history category. The defendant would agree that this sentence recommendation is reasonable pursuant to Title 18, United States Code, Section 3553(a).

2

USA [54] Carlos Gomez, Criminal No. 16-591 (GAG) Plea Agreement Y.

10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is thirty-seven (37) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. NO FURTHER ADJUSTMENTS OR DEPARTURES

. The United States and the defendant agree that no departures shall be requested by the parties. This Plea Agreementhas taken into consideration all Title 18, UnitedStates Code, Section 3553 factors. Any recommendation for a term of imprisonment below what has been stipulated in paragraph (9) above will constitute a material breach of the plea agreement,

12. JURISDICTIONAL LIMITS OF PLEAAGRE

It is specifically understood by the defendant, that this

plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

13. SATISFACTION WITH COUNSEL

The defendant, represents to the Court that defendant is satisfied with defendant's attorney, Jose R. Aguayo, Esquire, and hereby indicates that counsel has rendered effective legal assistance.

14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States and the judge agree. b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges, The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty.• The jury would be instructed that the Defendant is presumed innocent that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-

examine them. In the alternative, the Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the Defendant's refusal to testify.
If the Defendant desired to do so, the Defendant could testify on the Defendant's own behalf.

15. DISMISSAL OF REMAINING COUNTS:

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment.

16. STIPULATED VERSION OF FACTS

The accompanying Stipulated Version of Facts signed by the defendant is hereby incolporated into this plea agreement. Defendant adopts the Version of Facts and agrees that the facts therein are accuratc in every respect and that, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt. Further, the defendant agrees that said statement of facts can be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

17. LIMITATIONS OF PLEA AGREEMENT

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the Defendant; it does not bind any other federal district, state or local authorities.

18. ENTIRETY OF PLEA AGREEMENT

The United States and the defëndant acknowledge that the above-stated terms and conditions constitute the entire plea agreement between the parties and deny the existence of any other terms and conditions not stated herein. No additional promises, terms or conditions will be

entered unless in writing and signed by all parties.

19. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

20. VOLUNTARINESS OF GUILTY PLEA

It is understood by the defendant, that defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty.

21.   POTENTIAL INTACT ON 1MNfIGRATION STATUS

The Defendant hereby agrees and recognizes that, if the Defendant is not a United States Citizen, his plea of guilty in this case may have an impact in his immigration status. Among others, the Defendant is subject to removal from the United States; the defendant may be barred, temporarily or permanently, from reentering the United States; a criminal conviction may affect the Defendant's ability to apply for United States citizenship, and other benefits. Further, the Defendant agrees and recognizes that any tenn of supervised release imposed by the Court may be suspended, as long as he remains outside the United States. However, should Defendant, at any

INTENTIONALLY BLANK

Y.

time, reenter the United States he must immediately report to a U. S. Probation Office and othe1Wise comply with any conditions of supervised release that may be imposed herein.

RESPECTFULLY SUBMITTED. W. STEPHEN MULDROW

United States Attorney

| Alberto López-Rocafort | Jose R. Aguayo, Esq. |
|---|---|

| Assistant U.S. Attorney | Counsel for Defendant |
|---|---|
| Deputy Chief, Gang Unit | Dated: |

9

Angel L. Quintana-Moreno

Defendant Dated:

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case, I have read this Plea Agreement and carefully reviewed every part of it with your attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily ag ee to it.

Date: _____ April 2, 2020

Ang L. Quintana oreno
Defendant

I am the attorney for the Defendant. I have fully explained to the Defendant his rights with respect to the pending Superseding Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the Defendant the provisions of those guidelines which may apply in this case.

I have carefully reviewed every part this Plea Agreement with the Defendant, I have translate the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

Date: _____
Jose R. Aguayo, Esq.
Counsel for Defendant

April 2, 2020

2
USA v. [54] carios Gomez, Criminal No. 16-591 (GAG) Plea Agreement

### GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying plea agreement in this case, The United States submits the following statement setting forth the United States version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violations of Title 21, United States Code, Sections 841, 860 and Title 18, United States Code, Section 2. The following is a summary of the facts the United States would have proven beyond reasonable doubt if this matter would have gone to trial:

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, defendant, [461 ANGEL L. QUINTANAMORENO and co-defendants, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute two hundred and eight (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (Crack), a schedule Il Narcotic Drug Controlled Substance, within one thousand (1,000) feet of a real property comprising the Vista Hermosa Public Housing Project, a housing facility owned by a public housing authority, within one thousand (1 ,OOO) feet of a real property comprising a public or private elementary, vocational, or secondary school, and within one thousand (1,000) feet of •a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, United States Code, §§ 841 (a)(l), 860; and Title 18, United States Code, §2.

Specifically, [46] ANGEL L. QUINTANA-MORENO acted as a seller for this drug trafficking organization. Over

two eighty grams of cocaine base (crack) was sold by the defendant and his co-defendants, however for purposes of his plea agreement, the defendant is held responsible for the possession with intent to distribute and the distribution of at least 16.8 grams but less than 22.4 grams of cocaine base (crack). This all occurred within 1,000 feet of a housing facility owned by a public housing authority, within 1,000 feet of a property comprising a public or private elementary, vocational, or secondary school, and within 1,000 feet of a playground.

The United States would have proven these facts beyond a reasonable doubt through physical, testimonial and documentary evidence such as, but not limited to, video recordings, photographs, and the testimony of agents from the Police of Puerto Rico, HSI, and cooperating witnesses, in addition to experts from the DEA Laboratory and CBP Laboratory, among others.

All discovery was timely provided to defendant.

Vanessa E. Bonhomme
Assistant United States Attorney Dated: 3/26/2020

Jose R. Aguayo, Esq.
Counsel for Defendant Dated: April 2, 2020

Angel L. Quintana-Moreno
Defendant        Angel Defendant Dated: April 2, 2020

2